**Maria Olga BAZAN, Appellant,**

v.

**Marco Antonio GARZA et al., Appellees.**

No. 13844.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 6, 1961.

Rehearing Denied Jan. 3, 1962.

Bridges & Oxford, Mission, for appellant.

A. J. Vale, Rio Grande City, Strickland, Wilkins, Hall & Mills, Mission, for appellees.

MURRAY, Chief Justice.

We copy the following statement of the case from appellant's brief, to-wit:

"This is an appeal from the order of the 92nd District Court of Hidalgo County, Texas, sustaining a plea of privilege by the Defendants to be sued in Starr County, Texas, where they resided. The appellant gave notice of appeal, made the proper appeal bond and this case is properly before this court for review of the errors committed therein.

"This suit was filed in January 1960 by MARIA OLGA BAZAN against MARCOS ANTONIO GARZA and certain others of his family, alleging in substance that the defendant, Mar-

cos Antonio Garza and the Plaintiff came to Hidalgo County on or about August 16, 1959 from Starr County, Texas, where all the parties resided and while here in Hidalgo County, Texas, the Defendant named proposed marriage to the Plaintiff and proposed that they be married on the next day, which would be Monday, the proposal being made on Sunday in Hidalgo County, Texas. After some discussion the Plaintiff accepted said proposal and the parties went back to Starr County for a short stay of a few minutes and then came back to Hidalgo County. The Defendant, Marcos Garza, while in Hidalgo County, Texas, proposed to the Plaintiff that since they were going to be married tomorrow, that they go across the river into Mexico and spend the night in Reynosa as husband and wife and after some discussion the Plaintiff agreed to such an arrangement and the Plaintiff and the Defendant, Marcos Antonio Garza, went across the river at Reynosa, which is across the river from Hidalgo in Hidalgo County, Texas; the crossing of the river being made from Hidalgo County into the Republic of Mexico and that they spent the night in Reynosa, Mexico; Defendant, Marcos Garza, having rented a room as husband and wife and the parties sleeping together as husband and wife and having intercourse with each other that night several times.

"The next day they came back to Hidalgo County from Reynosa and from thence went to Starr County and that they have not been together since. That the Defendant has refused to see the Plaintiff anymore and that as a result of their staying together that night in Reynosa, there was born to the Plaintiff a child and the Defendant, Marcos Garza, is the father thereof.

"The grounds for holding venue in Hidalgo County, Texas are by virtue of subdivisions 9 and 29-A [29a] of Article 1995 of the Revised Civil Statutes of Texas; there being no issue as to whether or not the Defendants reside in Starr County, Texas; it being admitted that they do and so alleged in the Plaintiff's petition."

The trial court in its order sustaining the plea of privilege of appellees made the following finding:

"* * * the Court having considered such pleas and the controverting plea filed in said cause by the plaintiff, together with argument of counsel for all parties made in open Court which argument has been transcribed by the Court Reporter, certified to by him, approved by the Court and ordered filed in said cause and made a part hereof, which argument included but is not limited to the statement made in open Court by attorney for plaintiff that plaintiff's cause of action was one for breach of promise and that venue was sought to be maintained in Hidalgo County on the basis of the promise of marriage having been made in said County, together with the additional statements by counsel for the plaintiff that if defendants' interpretation of Article 1995, Revised Civil Statutes of Texas is correct, then plaintiff's pleadings are no good and that there would be no need of hearing evidence on the plea of privilege and the controverting plea since the only order the Court could enter would be an order sustaining said plea of privilege, is of the opinion that the pleas of privilege should be sustained."

■ No statement of facts was filed herein and it appears from the above statement in the judgment that no evidence was offered. It further appears that appellant was relying upon Subdivisions 9 and 29a of Art. 1995, Vernon's Ann.Civ.Stats., commonly known as the Venue Statute. It is well settled law in this State that a plain-

**794**

tiff seeking to maintain venue in a county other than that of the defendant's domicile, by virtue of Subdivisions 9 and 29a of Art. 1995, supra, must introduce evidence to show by a preponderance of the evidence that the trespass upon which he bases his cause of action was committed in the county where the suit was filed. The record shows that appellant did not even offer to introduce evidence to show that the trespass was committed in Hidalgo County, and in effect invited the court to render the judgment which it did render.

Under such circumstances, the judgment of the court sustaining appellees' plea of privilege to be sued in the county of their residence will be in all things affirmed.